**In re the Petition for DISCIPLINARY ACTION AGAINST Richard T. INCE, an Attorney at Law of the State of Minnesota.**

No. C5–90–1128.

Supreme Court of Minnesota.

May 23, 1990.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Richard T. Ince had committed professional misconduct warranting public discipline. The Director alleges two separate counts of misconduct in his petition, each of which describes violations of one or more rules of professional conduct.

In count one, the Director alleges that a client retained respondent to handle a real estate transaction in September 1985; that after the closing, the client requested that respondent cure a title defect and record two deeds; that respondent received a check for $550 from the closing with which respondent was to pay state deed tax amounts; that respondent failed to negotiate or deposit the check until June 1986; that respondent took no action to cure the title defect or record the deeds; that the client attempted to contact respondent numerous times in 1987 and 1988, but respondent refused to return the client's calls; that even after respondent gave up the client's file to client's new counsel, respondent failed to deliver the client's $550 which respondent held in his trust account; 1985, the client had to pay approximately $500 more to record the deeds than if respondent had recorded the deeds when the client requested. Count one further alleges that respondent made a false statement to the Director's Office when it inquired about this matter.

In count two, the Director alleges that he performed an audit of respondent's trust account books and records for the period June 1, 1986 to September 1, 1989; that, at all times during the period audited, respondent failed to maintain cash receipts or disbursement journals, failed to annotate most deposit slips, failed to perform monthly trial balances of the subsidiary ledger, and failed to perform monthly reconciliations of the receipts and disbursements; that, in July 1988, respondent issued a check for $5,000 on behalf of a client which respondent failed to record in his subsidiary ledger; that, as a result, the checks respondent subsequently issued on behalf of this client exceeded the amounts held on deposit for that client; that other clients' funds were used to cover the checks until respondent corrected the shortage in February 1990; and that respondent falsely certified to this Court that his books and records were maintained in compliance with Rule 1.15(h), Minnesota Rules Professional Conduct in 1987, 1988, and 1989.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all

of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is supervised probation for a period of two years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Richard T. Ince is hereby placed on supervised probation for a period of two years from the date of this order, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the conditions of the probation shall be as follows:

a. Respondent shall abide by the Minnesota Rules of Professional Conduct. Respondent shall cooperate with the Director and the supervisor in their efforts to monitor respondent's compliance with the conditions of his probation and with the Director's investigation of any allegations of professional misconduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further professional misconduct shall constitute conclusive evidence of a breach of this stipulation.

b. Respondent shall maintain books and records concerning law office income and expenses, and funds held on behalf of clients, in compliance with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion 9. Such books and records shall, upon request, be subject to review by the Director.

c. Respondent shall initiate and maintain office procedures which will ensure that respondent promptly will respond to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters that respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

d. Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as reasonably may be requested by the Director.

e. The supervising attorney periodically shall review respondent's books, records, ledgers and accounts pertaining to respondent's office and trust accounts to ensure compliance with Rule 1.15, Minnesota Rules Professional Conduct, and shall keep himself apprised as to whether respondent is current in his workload.

f. Respondent agrees to report at least quarterly to the supervisor concerning the status of all matters then being handled by respondent, and concerning compliance with the terms and conditions of the probation.

g. If at any time during the period of probation, after giving respondent an opportunity to be heard by the Director, the Director concludes that respondent has not complied with the terms and conditions of the probation as contained in this stipulation, the Director may file a petition for disciplinary action against respondent in this Court without the necessity of any panel proceedings. The petition may include the professional misconduct cited in the above charges and any additional matters which have arisen.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.